## Case No. 14,563.

### UNITED STATES v. BELEW.

[2 Brock. 280.] [1]

Circuit Court, D Virginia. May Term, 1826.

EMBEZZLEMENT—POST-OFFICE—MAIL CARRIER.

A mail carrier is within the eighteenth section of the "Act regulating the post-office establishment," subjecting to a penalty in certain cases. "persons employed in any of the departments of the general post-office."

[Cited in Twenty Per Cent. Cases, 13 Wall. (80 U. S.) 576; Id., 20 Wall. (87 U. S.) 183.]

The prisoner [Soloman Belew] was indicted for secreting and embezzling sundry letters, and stealing therefrom divers bank notes, which had come into his hands as the carrier of the mail of the United States, between Charlottesville, in Virginia, and Richmond, in the same state, and the jury found the prisoner guilty. The counsel for the prisoner then moved in arrest of judgment,

---

1 [Reported by John W. Brockenbrough. Esq.]

on the ground stated in the following opinion:

MARSHALL, Circuit Justice. The prisoner is convicted under the eighteenth section of the "Act regulating the post-office establishment,"—Act April 30, 1810 (2 Story's Laws, 1156 [2 Stat. 592]), repealed by Act 1825, c. 275 [3 Story's Laws, 1985; 4 Stat. 102, c. 64],—and the question submitted to the consideration of the court, is, whether a carrier of the mail be, "a person employed in any of the departments of the general post-office." To answer this question, it becomes necessary to settle the meaning of the word "department," as used in the act of congress. One of its significations, as our lexicons inform us, is, "a province or business, assigned to a particular person." The business assigned to a particular person, is, according to this definition, in his department. The business belonging to the post-office, is in a department of the post-office; a person employed in that business, is a person employed in a department of the post-office. If, then, the carrying of the mail be a part of the business of the post-office, it would seem that the person who carries it, is a person employed in a department of the general post-office.

The first section of the act, makes it the duty of the postmaster-general, "to provide for the carriage of the mail on all post roads that are, or may be, established by law." The carriage of the mail, then, is a part of the business of the postmaster-general; it is within his department, and a person employed in it, is employed in a department of the general post-office. There are several other sections of the act which obviously contemplate the carrier of the mail, as a person who is, particularly, within the purview of the statute. The second section enacts, that "the postmaster-general and all other persons employed in the general post-office, or in the care, custody, or conveyance, of the mail," shall take an oath prescribed by the law. But "every person who shall be in any manner employed in the care, custody, conveyance, or management, of the mail, shall be subject to all pains, penalties, and forfeiture, for violating the injunctions, or neglecting the duties required of him by the laws relating to the establishment of the post-office and post-roads, whether such person shall have taken the oath above prescribed or not." It is apparent from this section, that the framers of the act designed to provide particularly for the punishment of offences committed by persons carrying the mail; they are supposed to be subjected to particular "pains, penalties, and forfeitures." Yet it is by section 18, only, that these pains and penalties are inflicted, and they are described only as "persons employed in a department of the general post-office." We say it is by this section and this

description only; that these pains and penalties are inflicted on the carriers of the mail, for stealing a letter out of the mail, because we believe that the nineteenth section is not intended to be applicable to them.[2]

The counsel for the prisoner supposes that no person can be the object of the eighteenth section, who is not appointed directly by the postmaster-general, or for whose appointment a special provision is not made by the act. He insists that he must be an officer. But this is not the object of the law; the terms of the enactment do not require an officer; they are satisfied with an agent, or any person employed in any of the departments, or, in other words, in the business allotted to the general post-office. Nor do they require that he shall be employed by the postmaster-general, or by authority expressly delegated by him; it is enough to satisfy the law, that they are so employed. The contractor cannot himself carry the mail through the whole extent of his contract; and the law contemplates his employing other persons. The fourth section provides, that these shall be free white persons, and subjects the contractor to a penalty for employing others. The mail-carrier, then, is, in this section also, specially the object of the act. The reason, as well as the language of the law, leads to the opinion, that all persons intrusted with the mail, should be alike subjected to the penalties of the law for a fraudulent violation of the trust reposed in them; the carrier of the mail is as much intrusted with it, as the person who makes it up and places it in his custody, and there are the same motives for subjecting him to the penalties inflicted on the violators of that trust. If, then, as we think, the words employed do, in their natural import comprehend him, the court would not be justified in a strained construction, to exclude him from their operation.

The counsel for the prisoner maintains that the act does, in its language, distinguish between a mail-carrier, and the persons to whom the eighteenth section of the act applies. He supposes that the conclud-

[2] The eighteenth section of the law regulating the post-office establishment, provided, that if any person employed in any of the departments of the general post-office, shall secrete, embezzle, or destroy, any letter, packet, bag, or mail of letters with which he shall have been entrusted, or which shall have come to his possession, and are intended to be conveyed by post, containing any bank note, or bank post bill, &c., or shall steal or take any of the same out of any letter, &c., that shall come to his possession, he shall, on conviction for any such offence, be imprisoned not exceeding ten years, &c. The nineteenth section of the same law declared, that if any person shall attempt to rob the mail, &c., he shall be punished, on conviction, by imprisonment not exceeding seven years, &c.; and if any person shall steal the mail, or steal or take from any mail, &c., whether with or without the consent of the person having the custody thereof, &c., such offender shall be punished, &c.

ing sentences of the eighteenth section exhibit this distinction. We do not think so. The preceding part of that section, enumerates offences which may be committed by any person intrusted with the mail, or with the letters to be carried by the post, and in that part, the offenders are described in general terms. The concluding sentences, enumerate offences which can be committed only by the person carrying the mail, and in those sentences, he is mentioned particularly. The nineteenth section, too, enumerates particularly the offences which may be committed, and, in the recital, mentions both the mail-carrier and the post-office. This distinguishes them from each other, but does not indicate that either is not comprehended in the general terms of the eighteenth section. Those general terms are not introduced in the nineteenth section, nor was it necessary that they should. Their absence no more proves that a mail-carrier is not employed in any of the departments of the general post-office, than that the person who receives the mail or delivers out the letters, is not so employed.

The counsel also supposes that section 2, distinguishes between a person employed in the departments of the general post-office, and a mail-carrier. But we cannot concur in this opinion. The language is, "That the postmaster-general, and all other persons employed in the general post-office, or in the care, custody, or conveyance of the mail, shall, &c." It is obvious that this section, in using the terms "persons employed in the general post-office," designates the general post-office itself, and uses a phrase more limited, and intended to be more limited, than the phrase "any person employed in any department of the general post-office." It excludes persons employed in the particular post-offices established in the several states. These are comprehended by the words, "care or custody" of the mail. These words comprehend all persons who have the "care or custody" of the mail, and are not comprehended by the words, "other persons employed in the general post-office." But the separate enumeration of individuals in this section, no more proves that the one, than that the other is not comprehended within the general term which designates them all. It no more proves that the person carrying the mail is not employed in any of the departments of the general post-office, than it proves that a person having the care or custody of the mail in a particular post-office, is not within any of those departments. The decisions of the English courts, showing the strict construction which has been given to the law, will not apply to this case, because we think a mail-carrier is within the very words of the eighteenth section of the act of congress.

Motion in arrest of judgment overruled, and the prisoner sentenced to imprisonment for seven years.