UNITED STATES *v.* HANNA.

*(Supreme Court of New Mexico.* January Term, 1888.)

POST-OFFICE—ROBBING THE MAILS—BY STAGE DRIVER—REV. ST. U. S. § 5467.

Rev. St. U. S. § 5467, provides that "any person employed in any department of the postal service who shall embezzle * * * any letter * * * intrusted to him, or which shall come into his possession, and which was intended to be conveyed by mail or delivered by any carrier, mail agent, route agent, letter carrier, or other person employed in any department of the postal service * * *" shall be guilty of the offense of robbing the mails. *Held,* that a stage driver employed by a stage company, which had a contract for carrying the mails, and who was sworn as a mail carrier, is an employe of the postal service, within the meaning of this section, though he was hired and paid by the stage company and received no compensation from the government.

Appeal from district court, Socorro county.

*Rodey & Childers,* for appellant. *Thomas Smith,* for appellee.

HENDERSON, J. The defendant, John Hanna, was indicted under sections 3891 and 5467, Rev. St. U. S., for robbing the mails. Nineteen counts of the indictment were framed under section 5467, charging the defendant "as a person employed in one of the departments of the post-office establishment of the United States, to-wit, a mail carrier, carrying the mail on a postal route between Carthage and Mountain station, in said district, said route being a part of the postal Star route between Carthage and Fort Stanton, in the territory of New Mexico." Thereafter follows the charging part of the indictment, showing the deposit in the mail or post-office of Fort Stanton of a registered package to be carried through the mail to Santa Fe, with an accurate description of the package, and to whom addressed, and alleged to have contained coin of the United States of certain value, which came into the hands of the defendant as a driver of the stage in which the mail was carried; and that the defendant, on the 19th day of March, 1886, feloniously did secrete, embezzle, and destroy the letter thus in his possession as a person employed in one of the departments of the postal service. The defendant was convicted, but the verdict was general, and the court sentenced the prisoner to two years' imprisonment. Defendant appealed, and in lieu of a full bill of exceptions a stipulation was filed in the words following:

"STIPULATION.

"And now, to-wit, on this 8th day of October, A. D. 1882, it is hereby stipulated and agreed, by and between the counsel for the United States and the defendant herein, that the evidence in this case proved that the defendant, John Hanna, at the time of the alleged commission of the offense charged in the indictment, was in the employ of the Southwestern Stage Company as a driver of their stages; that said stage company paid him his wages, and that he [Hanna] received no compensation from the government of the United States, but that said stage company had a contract with the government of the United States for carrying mails, and that the defendant, among other like drivers, was sworn as a mail carrier. It is further stipulated that the above statement of facts may be used upon the hearing in the supreme court of the territory in lieu of a full bill of exceptions, and may be considered as a part of the record herein, and that the foregoing was all the evidence upon that point in the cause. [Signed] "THOMAS SMITH, U. S. Atty.

"W. B. CHILDERS, and

"BARNARD S. RODEY,

"Attorneys for Defendant."

The stipulation was made and appeal taken for the purpose of having this court determine whether or not the facts agreed and stated bring the defendant within the scope of section 5467, Rev. St. U. S. The section reads as follows: "Any person employed in any department of the postal service, who

shall secrete, embezzle, or destroy any letter, bag, or mail of letters intrusted to him, or which shall come into his possession, and which was intended to be conveyed by mail, or delivered by any carrier, mail messenger, route agent, letter carrier, or other person employed in any department of the postal service, or forwarded through or delivered from any post-office or branch post-office established by authority of the postmaster general, which shall contain any note, bond, draft, check, warrant, revenue stamp, postage stamp, stamped envelope, postal card, money order, certificate of stock, or other pecuniary obligation or security of the government," etc., through a long list of enumerated articles. The averment in the indictment, although not in the exact language of the statute, is substantially so. Appellant's counsel contend that section 3858 must be construed, at least in part, as a statutory definition of what constitutes an employment in the post-office department within the meaning of section 5467. Section 3858 is in these words: "No person employed in the postal service shall receive any fees or perquisites on account of the duties to be performed by virtue of his appointment." Had this section declared that no person shall be deemed an employe of the United States who does not directly receive his fees or compensation for services rendered from the United States, it would have been an interpretation of section 5467; but it only declares that no person employed in the postal service shall receive any fees or perquisites on account of the duties to be performed by virtue of his appointment. Had the defendant received fees or perquisites on account of the duties he performed by virtue of his employment, he might have been guilty of a violation of that section of the statute; but that circumstance cannot be appealed to to determine the real character of the employment; that must be ascertained from the nature of his duties, and whether, in their performance, he was within the words and intent of the statute. It will be observed that the persons against whom the penalties are denounced need not be officers of the United States nor in the employment, directly, under the government; it is sufficient if the person be employed in any department of the postal service. Defendant was a sworn stage driver, into whose possession the mails were delivered by authority of the United States. He was their lawful custodian from the point of delivery to the end of his run on the Star route described in the indictment. If he had the lawful possession of the mails,—as he assuredly did,—he had them not as the private property of the Southwestern Stage Company, but as the employe or agent of the United States in the performance of its public duties to the citizens. The United States conveys the mails, not the contractor who engages to furnish teams and drivers to perform the work. The statutes of the United States provide for letting contracts for carrying the mails, and in contemplation of these statutes the contractor who engages to do the work will engage stage drivers, horseback riders, and other subordinate agencies, in order to carry out the work. Whenever, therefore, an employe is engaged in the execution of the contracts, whether directly by the United States or indirectly by the mail contractor, the person so engaged is in the employment of the postal department of the United States. Chief Justice MARSHALL, on the circuit, in construing the eighteenth section of the post-office act in the statutes as they stood under the act of 1810,—almost identical with so much of section 5467 as is under consideration,—said: "The counsel for the prisoner supposes that no person can be the object of the eighteenth section who is not appointed directly by the postmaster general, or for whose appointment a special provision is not made by the act. He insists that he must be an officer. But this is not the object of the law; the terms of the enactment do not require an officer; they are satisfied with an agent, or any person employed in any of the departments, or in any other business allotted to the general post-office; nor do they require that he shall be employed by the postmaster general, or by authority expressly designated by him; it is enough to satisfy the law that they are so employed.

The contractor cannot himself carry the mail through the whole extent of his contract."

The reason as well as the language of the law leads to the opinion that all persons intrusted with the mail should be alike subjected to the penalties of the law for a fraudulent violation of the trust reposed in them. The carrier of the mail is as much intrusted with it as the person who makes it up and places it in his custody, and there are the same motives for subjecting him to the penalties inflicted on the violators of that trust. If then, as we think, the words employed do, in their natural import, comprehend him, the court will not be justified in a strained construction to exclude him from their operation. *U. S.* v. *Belew*, 2 Brock. 280.

Further argument or citation is needless. The judgment is affirmed.

LONG, C. J., and REEVES, J., concur.